Brewer and Draper *vs.* Smith.—1845.

---

JACOB BREWER AND THOMAS DRAPER, *vs.* MICHAEL P. SMITH.—*December* 1845.

By the act of 1791, ch. 68, an appeal is given from the judgment of a magistrate to the next county court; but such appeal shall not operate as a stay of execution, or supersedeas of the judgment, unless an appeal bond be filed at the time of taking such appeal.

Under this act, the appeal might be taken at any time after the rendition of the judgment, provided it be taken to the county court next thereafter.

By the act of 1818, ch. 160, appeals not taken to the next county court, shall not be dismissed; unless the court shall be satisfied, that the appellant had notice of the judgment, at least ten days before the sitting of the county court.

The sole object of the act of 1825, ch. 68, was to provide a remedy, where executions on magistrate's judgments had been levied within fourteen days after their rendition; and in cases where an appeal had been taken, and appeal bond filed, within such fourteen days, it was to operate as a supersedeas of an execution levied.

The policy of the acts of 1818, and 1825, stated.

The act of 1829, ch. 236, prescribes the terms, conditions, and effect, of appeals from magistrate's judgments; and repeals, except in the city of *Baltimore*, the provisions. in relation to such appeals in the acts of 1818 and 1825, and is a substitute therefor. It was not designed to repeal any part of the act of 1791.

The 7th sec. of the act of 1831, ch. 290, is declaratory only, and does not change the construction of the act of 1829.

In an action upon an appeal bond, with condition to prosecute an appeal from a judgment of a justice of the peace, with effect, &c., it is no defence, since the act of 1829, ch. 236, that the bond was executed more than sixty day after the date of the judgment therein recited, and from which the appeal was taken.

APPEAL from *Washington* county court.

This was an action of *debt*, brought on the 13th January 1844, by the appellee against the appellants, on the bond of *Rudolph Herr, Jr., Jacob Brewer, Thomas Draper,* and *Rudolph Herr, Sr.,* dated the — October 1841, reciting:—

"Whereas the above bound *Rudolph Herr, Jr.,* thinks himself aggrieved by a judgment rendered against him on the 24th day of May last, by *Daniel Hauer, Esq.,* one of the justices of the peace for the said county, at the suit of *Michael P. Smith,* for the sum of $79.72, debt, and $83\frac{1}{3}$ cents, costs, with interest from the 24th day of May 1841; from which judgment the said *Rudolph Herr, Jr.,* is about to appeal to the next county court for *Washington* county, before the judges thereof.

"Now, the above obligation is such, that if the said *Rudolph Herr,* shall not prosecute his appeal at the county court of *Washington* county, next succeeding the date of this appeal bond, with effect, according to the directions of the act, entitled: "An act for the speedy recovery of small debts out of court, and to repeal the acts of Assembly therein mentioned;"—and also pay and satisfy the said *Michael P. Smith,* his executors, administrators and assigns, in case the said judgment shall be affirmed, as well as the debt, damage, and cost, adjudged by the said *D. Hauer, Esq.,* as also all costs and damage that shall be awarded by *Washington* county court, when the said appeal shall be heard, tried and determined, then the above bond to be and remain in full force and virtue, otherwise to be of no effect."

To the declaration, assigning a breach of the condition of the said bond, the defendants pleaded :—

1st. That the said *Rudolph Herr, Jr.*, in the said declaration mentioned, did prosecute, with effect, the said appeal, in the condition of the said writing obligatory mentioned, at the county court of *Washington* county, to wit, at November term 1842 of said court, as by the record and proceedings thereof still remaining in said court, at, &c., more fully and at large appears, and this the said defendants are ready to verify, by the said record. Wherefore, &c.

2nd. That although they, the said defendants, did sign and seal the said pretended writing obligatory, in the declaration mentioned, yet the same was so executed more than sixty days after the date of the judgment therein recited, and from which said appeal was taken. Wherefore, the said defendants say, that the said pretended writing obligatory, is void in law, and this the defendants are ready to verify. Wherefore, &c.

The defendants relinquished their *first* plea, and the plaintiff demurred generally to the *second* plea, on which the defendant joined. The county court sustained the demurrer, and the defendants appealed to this court, from the judgment rendered thereon for, &c.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, MAGRUDER and MARTIN, J.

By WEISEL for the appellants, and
By SPENCE for the appellee.

DORSEY, J., delivered the opinion of this court.

By the act of 1791, chap. 68, entitled, "an act for the speedy recovery of small debts out of court, and to repeal the acts of Assembly therein mentioned," an appeal is given from the judgment of a magistrate "to the next county court:" but such appeal, (it is provided,) shall not operate as a stay of execution or supersedeas of the judgment, unless an appeal bond were filed at the time of making the appeal. Under this act of Assembly, the appeal might be taken at any time after the rendition of the judgment, provided it be taken to the county court, next

thereafter. Many persons having lost the benefit of appeal, on judgments given by magistrates but a short time before the succeeding court, the legislature, designing to remedy that evil, by the third section of the act of 1818, ch. 166, enacted, that, thereafter, "no appeal, from the judgment of a justice of the peace to the county court, shall be dismissed, because the same had not been prayed to the county court, next after the rendition of such judgment, unless the court shall be satisfied, that the appellant had notice of such judgment at least ten days before the sitting of said county court." The act of 1825, ch. 68, entitled, "an act regulating appeals from magistrates' judgments," has no influence upon the question now before us, which is, simply, whether an appeal will lie, from the judgment of a magistrate to the next county court, more than sixty days after the rendition of the judgment. The sole object of the act of 1825, was, as shewn by its first section, to provide a remedy, where executions on magistrates' judgments had been levied within fourteen days after the rendition of such judgments. This is most manifest from the second section of that law, which enacts, "that nothing herein contained, shall be construed to affect, in any way, the time allowed for taking appeals from magistrates' judgments, or the legal operation of appeal bonds, otherwise than as in the first section of this act is expressed." The only design imputable to this act, was to provide, that where an appeal shall be taken, and an appeal bond filed within fourteen days after the judgment rendered, an execution already levied on such a judgment should be thereby superseded. The legislature having, by the act of 1818, chap. 166, prohibited the dismissal of an appeal from a magistrate's judgment, on account of its not being taken to the next county court, unless it were proved, that the appellant had knowledge of the judgment, at least ten days before the county court, next thereafter, it was found, that appellants, to whom such knowledge could not be brought home, might take their appeals, in many cases, nearly twelve months after the rendition of the judgments; if, indeed, under the act of 1818, there was, in such cases, any time limited for the taking of appeals. And it being deemed, or found by experience, that the fourteen

days allowed, by the act of 1825, for an appeal to be taken, and an appeal bond filed, so as to operate a supersedeas of an execution levied under a magistrate's judgment, was too short a time to remedy both the enumerated defects in those acts of Assembly, the third section of the act of 1829, chap. 236, was passed. By which it is enacted, "that from and after the passage of this act, it shall and may be lawful for any person, who may think him or herself aggrieved by the judgment of any justice of the peace, to appeal from said judgment to the county court, at any time within sixty days from the date of the same; provided, that the person so appealing shall give bond, as now required by law, with the condition, that the appellant shall prosecute his or her appeal at the county court, next succeeding the date of the appeal bond; which appeal shall have the same effect and operation as a supersedeas to any execution on such judgment, as if the appeal bond had been filed within the time now prescribed, and the judges of the county court shall receive and hear such appeal, in as full and ample a manner as if the same had been prosecuted at the county court, next after the rendition of the judgment, by the justice of the peace." This act, of 1829, chap. 236, was designed to repeal, (except in the city of *Baltimore*,) the aforementioned provisions of the acts of 1818, chap. 166, and 1825, chap. 68, and to become a substitute therefor. It was not intended to repeal any portion of the right of appeal conferred by the act of 1791, chap. 68; but was an extension of that right, in permitting, on the terms prescribed, a party to appeal from the judgment of a magistrate to the second county court, after its rendition; provided the appeal was taken within sixty days from the date of the judgment. The right to prosecute an appeal, to the next county court, after the rendition of the judgment, under the act of 1791, so far from being repealed, as has been contended, by the act of 1829, its continuing existence is distinctly recognized and referred to by the act of 1829; when, in reference to an appeal under it, it declares, that "the judges of the county court shall receive and hear such appeal in as full and ample a manner as if the same had been prosecuted at the county court, next after the rendition of the judgment, by the justice of the peace."

The seventh section of the act of 1831, chap. 290, was a mere declaratory enactment, and gave no other construction or operation to the third section of the act of 1829, than it was entitled to without it. The county court, therefore, very properly ruled good, the appellee's demurrer to the second plea of the appellants.

JUDGMENT AFFIRMED.